IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PETER BISTRIAN**<br>43 Louse Point Rd.<br>East Hampton, NY 11937<br><br>**Plaintiff**<br><br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATION**<br>935 Pennsylvania Avenue NW<br>Washington, D.C. 20535<br><br>**Defendant.** | Civil Action No.: 21-cv-1086 |

## COMPLAINT

1. It has been over six years since Plaintiff Peter Bistrian ("Plaintiff") first submitted his request for documents under the Freedom of Information Act ("FOIA") to the Federal Bureau of Investigation ("FBI" and/or "Defendant") ("FOIA Request"). To date, Plaintiff has not received a single page of the 8,734 documents which have been identified as potentially responsive. Accordingly, Plaintiff brings this action to compel compliance with FOIA and to obtain the records to which he is entitled under the law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C § 552(a)(4)(B).

3. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff is a private citizen residing in the State of New York whose FOIA Request to the FBI has been pending since January 5, 2015.

5. Defendant is an agency of the executive branch of the Federal Government of the United States. Defendant is headquartered at 935 Pennsylvania Avenue NW, Washington, DC 20535. Defendant has possession, custody, and control of the records that Plaintiff seeks.

## FACTUAL ALLEGATIONS

**Plaintiff's Six-Year Pending FOIA Request**

6. On January 5, 2015, Plaintiff sent a FOIA Request to Defendant via email seeking "all materials pertaining to [Plaintiff]" for use in connection with a civil case that he has been litigating against the United States Government ("Government") since 2008 ("Civil Case").[1] *See* Exhibit A.[2] Defendant acknowledged receipt of Plaintiff's FOIA Request, which was assigned Request No. 1319503-000, on January 13, 2015. *See* Exhibit B.

7. On June 12, 2015, Defendant notified Plaintiff via letter that it had located "11,300 pages of records potentially responsive to the subject of [Plaintiff's] request," and requested confirmation that Plaintiff was willing to pay the associated duplication fees. *See* Exhibit C. Plaintiff sent the requested confirmation on June 25, 2015. *See* Exhibit D at ¶ 3.

8. Over the next three years, Plaintiff awaited the results of his FOIA Request as his Civil Case moved forward. His patience went unrewarded—Defendant failed to produce a single document during this period.

---

[1] *Bistrian v. Levi*, Case No. 2:08-cv-03010 (E.D. Pa. 2008).

[2] All referenced Exhibits are annexed hereto.

9.   In fact, Plaintiff did not hear from Defendant again until September 17, 2018. This time, Defendant stated that it had identified "approximately 8,734 pages" of potentially responsive records (apparently down from the 11,300 pages identified in June 2015), and asked whether Plaintiff would consider narrowing the scope of his FOIA Request. *See* Exhibit E.

10.   On September 27, 2018, Plaintiff notified Defendant that he remained interested in obtaining all of the responsive records. *See* Exhibit F. Defendant acknowledged Plaintiff's continued interest via letter dated September 28, 2018. *See* Exhibit D.

11.   Notwithstanding the fact that more than three years had already passed since the submission of Plaintiff's FOIA Request, Defendant's letter proceeded to inform Plaintiff that his FOIA Request would "remain in the large-track backlog until its assignment to our FOIA Processing Units." Plaintiff was assured, however, that his "request will be processed as interim releases of approximately 500 pages per CD[.]". *See id.*

12.   Unfortunately, Defendant's assurance proved to be nothing more than an empty promise. Despite Plaintiff providing further confirmation of his desire to obtain all responsive records, Defendant has yet to produce even a single page, much less any interim releases of 500 pages. Indeed, the most that Plaintiff has been able to gather from Defendant is an estimated completion date of November 2021 (and at this rate, even that is doubtful). *See* Exhibit G.

13.   After six years and counting of patiently awaiting production, Plaintiff can afford to wait on Defendant no longer. The records Plaintiff seeks have become increasingly important to his Civil Case, which is currently in the discovery phase of a retrial. With the discovery period ending on May 11, 2020, Plaintiff's window of opportunity is rapidly closing.

14.   Plaintiff has accordingly retained undersigned counsel to assist him in obtaining the records to which he entitled under the law. As part of these efforts, and in an attempt to avoid

litigation, counsel contacted Defendant via email on March 18, 2021 to demand the immediate release of the 8,734 pages of records potentially responsive to Plaintiff's request, and the rolling release of any records still pending review. *See* Exhibit H.

15. In an email reply on the following day, Defendant declined to offer the immediate production of any records, and made no reference to an estimated date of completion. In fact, Defendant went so far as to state that "none of the material has been reviewed yet by a FOIA analyst[.]". Considering that Plaintiff's request has been pending with Defendant for over six years, such an assertion is both shocking and outrageous. *See* Exhibit I.

**FOIA-Stamped Records Uncovered Through Civil Litigation**

16. While awaiting Defendant's FOIA production, Plaintiff was simultaneously litigating his ongoing Civil Case against the Government. Plaintiff's claims in that case arise from two brutal attacks he suffered in 2006 at the hands of his fellow inmates while in pretrial detention at the Federal Detention Center in Philadelphia.

17. Through a Motion to Compel, Plaintiff discovered that the Government had unlawfully withheld important evidence from him that the Court found "would have likely changed the outcome of the trial." The Court thus granted Plaintiff's Motion for a New Trial on certain claims and reopened the trial record for others, noting the Government's failures in the "presentation and timely production of evidence" and determining that the Government had acted in bad faith. *See* Exhibit J.

18. Of particular relevance here, included among the unlawfully withheld evidence was file a prepared by Defendant regarding one of the attacks against Plaintiff. *See* Exhibit K.

19.     Incredibly, the file, which was scanned by Defendant's Records Management Division on October 22, 2015, contains a cover page demonstrating that it had been prepared in response to Plaintiff's FOIA request.  *See id.* at 3.

20.     Specifically, the cover page: (1) lists Plaintiff's former counsel as the requester; (2) bears the same identification number as Plaintiff's request; and (3) states that "[t]he following documents appearing in FBI files have been reviewed under the provisions of [FOIA]." *See id.*

21.     This not only stands in direct contraction to Defendant's recent assertion that "none of the material has been reviewed yet by a FOIA analyst," but appears to serve as conclusive proof that Defendant had responsive records ready for production within months of Plaintiff's request, but nevertheless withheld those records from Plaintiff for over six years.

## CAUSE OF ACTION

### COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

22.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

23.     As a federal agency, Defendant is generally required under FOIA to make a "determination" on public records requests within 20 working days.  5 U.S.C. § 552(a)(6)(A)(i).

24.     Defendant may extend that 20-working-day timeline to 30 working days if "unusual circumstances" delay its ability to search for, collect, examine, and consult about the responsive documents.  *Id.* § 552(a)(6)(B).

25.     Once a determination has been made, Defendant must make the records "promptly available."  *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

26.     Defendant has violated FOIA by failing to make a determination as to Plaintiff's request within the statutorily prescribed time limit, and by unlawfully withholding records responsive to Plaintiff's request.

27.     Accordingly, Plaintiff is entitled to an order compelling Defendant to release, as soon as possible, any records responsive to Plaintiff's request.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.      Enjoin Defendant from continuing to improperly withhold records responsive to Plaintiff's request;

B.      Order Defendant to immediately produce to Plaintiff any and all non-exempt records or portions of records responsive to Plaintiff's request, as well as a *Vaughn* index of any records or portions of records withheld due to a claim of exemption.

E.      Provide for expeditious proceedings in this action;

F.      Award Plaintiff his costs and reasonable attorneys' fees incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

G.      Grant Plaintiff such other relief as the Court may deem just and proper.

Dated: April 20, 2021                   Respectfully submitted,

/s/*John R. Sandweg*
John R. Sandweg (DC Bar No. 1027208)
Daniel Schnapp (pro hac vice pending)
Christopher Hotaling (pro hac vice pending)
NIXON PEABODY LLP
799 Ninth Street, NW, Suite 500
Washington, D.C. 20001
(202) 585-8189 (telephone)
(877) 743-5914 (facsimile)
jsandweg@nixonpeabody.com
dschnapp@nixonpeabody.com
chotaling@nixonpeabody.com

*Counsel for Plaintiff Peter Bistrian*